[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE AMENDED COMPLAINT (#122)
The defendants move to strike the plaintiff's Amended Complaint, claiming that the multi-count complaint is a misjoinder of actions. In the alternative, the defendants seek to strike the Sixth Count of the Amended Complaint dated July 8, 1999, claiming that the allegations contained therein are legally insufficient to state a cause of action. For the following reasons stated, the Motion to Strike is denied in its entirety.[1]
The Sixth Count is directed against the defendant Marjorie Feldman personally. By incorporating paragraphs from the First Count, Count Six alleges that Feldman was the president of the defendant Jason's Soda and that at all material times Feldman was acting as an agent of defendant Jason's Soda. Additionally, the Sixth Count contains the claims that she "caused the plaintiff's business relationship with Jason's Soda to be terminated," that she "sought to interfere with the plaintiff's business relationship with Jason's Soda for personal gain," and, that [t]he actions of defendant Feldman described above were intentional, wilful and malicious, and constituted tortuous interference with the plaintiff's employment relationship with Jason's Soda."
In support of their motion to strike this count, the defendants argue that since Feldman is identified by the plaintiff as the president of Jason's Soda, she can not be charged with having tortuously interfered with the contractual relationship between the plaintiff and Jason's Soda because, as a matter of law, an agent may not be charged with having interfered with a contract of the agent's principal.
As far as it goes, the defendants statement of law is accurate. "[I]t is well-settled that the tort of interference with contractual relations only lies when a third party adversely affects the contractual relations of two other parties. . . . [A]n agent acting legitimately within the scope of his authority CT Page 14278 cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract. . . ." (Internal citations omitted; internal quotation marks omitted.) Wellington Systems v. Redding Group,49 Conn. App. 152, 168 (1998). However, "[the agent] could be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." (Alteration in original; internal citations omitted.) Id.
In Appleton v. Board of Education, 53 Conn. App. 252, 268
(1999), the Appellate Court found the following allegations against individually-named employees of the defendant Board legally sufficient to survive a motion for summary judgment: that the individual defendants-employees of the Board had interfered with the plaintiff's relationship with the Board, by conduct that was part of a campaign to discredit her and to cause her to be suspended or discharged from her employment, that the employees were discrediting her to deflect public scrutiny from themselves regarding subjects of wrongdoing and misconduct, and that they acted out of malice, hatred, or ill will toward her. The court reasoned that by making these allegations, the plaintiff, in effect, had alleged that the defendants acted outside the scope of their authority in their actions. Similarly, even though the plaintiff herein has claimed that Feldman was acting as an agent for Jason's Soda, the allegations that she was acting for personal gain in combination with the assertion that she acted out of malice, hatred, or ill will raises the implication that she acted outside the scope of her authority.[2] Accordingly, the Motion to Strike the Sixth Count is denied.
Alternatively, the defendants move to strike the entire Amended Complaint on the basis that it contains improperly joined causes of action. The Amended Complaint consists of eight counts. Counts One through Six contain claims against the corporate and individual defendants relating to activities between and among them occurring prior to June 19, 1998. Counts Seven and Eight contain claims concerning activities of the defendant Jason's Soda, which are alleged to have commenced on or about July 1, 1998. In moving to strike the Amended Complaint, the defendants rely on Practice Book § 10-21 which provides, in part, that if several causes of action are united in the same complaint, they shall all be brought to recover "(7) upon claims, whether in CT Page 14279 contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action."
The short answer to the defendant's claim is that, in the court's view, all the allegations of the Amended Complaint relate to connected transactions. To try them together, or seriatim, should not create confusion and should enhance the efficient administration of justice. Accordingly, the Motion to Strike the Amended Complaint is denied.
BY COURT:
Bishop, J.